# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: May 18, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | UNPUBLISHED |
| HAILEY DAVIS and CHAD DAVIS, | * | |
| as Parents and Natural Guardians of | * | |
| R.D., a Minor, | * | |
| | * | No. 15-159V |
| Petitioners, | * | |
| | * | |
| v. | * | Chief Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | DTP; DTap; DT; Hib; PCV; |
| AND HUMAN SERVICES, | * | Motion to Dismiss; Insufficient Proof. |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | | |

<u>Renee Gentry</u>, Vaccine Injury Clinic, George Washington University Law School, Washington, DC, for petitioners.
<u>Heather Lynn Pearlman</u>, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION DISMISSING PETITION[1]

On February 29, 2015, Hailey and Chad Davis ("petitioners") filed a petition for compensation under the National Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (2012) ("Vaccine Act"), on behalf of their son, R.D., a minor. Petitioners allege that R.D. suffered from mitochondrial disease/dysfunction as a result of receiving the DTP, DTap, DT, Hib, and PCV vaccinations on February 20, 2012, and the FluMist vaccination on October 22, 2012. Petition at Preamble.

On May 16, 2016, petitioners filed a Motion to Dismiss. Motion to Dismiss dated May 15, 2016 (ECF No. 43). Petitioners stated that they will be unable to prove that R.D. is entitled

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, she will delete such material from public access.

1

to compensation in the Program and that to proceed further would be unreasonable.  Petitioners also stated that they understand that a decision dismissing their petition will terminate all of their rights in the Vaccine Program.  Furthermore, petitioners wished to retain their right to file a civil action in the future and thus intend to elect to reject the Vaccine Program judgment.

To receive compensation under the Program, petitioners must prove either: 1) that R.D. suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to a vaccination, or 2) that he suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  An examination of the record did not uncover any evidence that R.D. suffered a "Table Injury," nor do petitioners allege that he suffered a "Table Injury."  Further, the record does not contain any persuasive evidence indicating that R.D.'s injury was caused by the vaccinations he received on either February 20, 2012, or October 22, 2012.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).  In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support.  However, petitioners have not filed an expert report.

Accordingly, it is clear from the record in this case that petitioners have failed to demonstrate either that R.D. suffered a "Table Injury" or that his injuries were caused-in-fact by one or more of his vaccinations.  **Thus, this case is dismissed for insufficient proof.  In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master