# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: February 7, 2017

| | |
|---|---|
| * * * * * * * * * * * * | UNPUBLISHED |
| HAILEY DAVIS and CHAD DAVIS,     * | |
| as Parents and Natural Guardians of   * | |
| R.D., a Minor,     * | |
|     * | No. 15-159V |
| Petitioners,     * | |
|     * | |
| v.     * | Chief Special Master Dorsey |
|     * | |
| SECRETARY OF HEALTH     * | Attorneys' Fees and Costs; Vague; |
| AND HUMAN SERVICES,     * | Excessive; Block Billing; Duplicative |
|     * | Entries; Administrative Tasks; Improper |
| Respondent.     * | Documentation of Paralegal Time; Autism. |
|     * | |
| * * * * * * * * * * * * | |

Renee Gentry, Vaccine Injury Clinic, George Washington University Law School, Washington, DC, for petitioners.
Heather Lynn Pearlman, U.S. Department of Justice, Washington, DC, for respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On February 29, 2015, Hailey and Chad Davis ("petitioners") filed a petition for compensation under the National Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (2012) ("Vaccine Act"), on behalf of their son, R.D., a minor. Petitioners allege that R.D. suffered from mitochondrial disease/dysfunction as a result of receiving the DTP, DTap, DT, Hib, and PCV vaccinations on February 20, 2012, and the FluMist vaccination on October 22, 2012. Petition at Preamble. R.D. also suffers from autism.

On May 16, 2016, petitioners filed a Motion to Dismiss. Motion to Dismiss dated May 15, 2016 (ECF No. 43). A decision dismissing the petition was issued on May 18, 2016 (ECF

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, she will delete such material from public access.

No. 44). On November 7, 2016, petitioners filed a motion for attorneys' fees and costs. Petitioners request a total of $32,361.50 in attorneys' fees and $618.85 in costs, for a total of $32,980.35. Petitioners' Application ("Pet'rs' App.") dated Nov. 7, 2016 (ECF No. 48). For the reasons discussed below, the undersigned awards petitioners a total of $25,889.20 in attorneys' fees and $618.85 in costs.

### I. Background

Petitioners request compensation for the attorneys and law students who worked on their case, which was part of the George Washington University Law School Vaccine Injury Clinic ("GW Vaccine Injury Clinic"). Petitioners request a total of $18,511.60 in attorneys' fees for Professor Meyers, Ms. Gentry, Mr. Shoemaker, and Ms. Knickelbein, and $13,849.90 in attorneys' fees for work performed by law students enrolled in the clinic. Pet'rs' App. at 1. Petitioners request $12.30 in attorneys' costs. Id. at 4.

Petitioners also request reimbursement for $606.55 in out-of-pocket expenses. Pet'rs' App. at 3-4. Consistent with General Order #9, petitioners also filed a signed statement indicating that a retainer was not paid to GW Vaccine Injury Clinic or to any attorney for work performed in this case. Id., Ex. A at 1.

On November 18, 2016, respondent filed a response to petitioners' motion for attorneys' fees and costs. Respondent's Response ("Resp's Resp.") dated Nov. 18, 2016 (ECF No. 49). Respondent stated his belief that "a reasonable amount for … fees and costs in the present case would fall between $13,000.00 and $15,000.00." Id. at 3. Respondent cited three previous autism cases in which petitioners received attorneys' fees and costs in this range after the petitions were dismissed following the filing of medical records and a Rule 4(c) Report. See id. Respondent ultimately deferred to the Chief Special Master to exercise her discretion in determining a reasonable amount. Id. f

Petitioners filed a reply on November 28, 2016, in which they distinguished the three cases cited by respondent in support of his proposed fee range and argued that they were entitled to the full amount of requested fees and costs. Petitioners' Reply ("Pet'rs' Reply") dated Nov. 28, 2016 (ECF No. 50). Petitioners did not request supplemental attorneys' fees and costs associated with filing their reply.

This matter is now ripe for adjudication.

### II. Reasonable Attorneys' Fees and Costs

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). Respondent has not objected to petitioner's application for fees and costs on the basis of a lack of good faith or reasonable basis. The undersigned finds that petitioners

2

brought their petition in good faith and that a reasonable basis existed up to and including the Rule 5 conference, which was held on April 19, 2016. As a result, the undersigned will pay all reasonable costs incurred from the start of the case until and including the Rule 5 conference on April 19, 2016, as well as reasonable fees and costs associated with winding the case down. The fact that petitioners' attorneys' billing records contain numerous entries for student meetings, conferences, and record reviews after April 19, 2016, is taken into consideration in the reduction of petitioners' attorneys' hours.[2]

### a. Reasonable Hourly Rate

On April 12, 2016, the undersigned issued a reasoned decision in Miller v. Sec'y of Health & Human Servs., 13-914V, 2016 WL 2586700 (Fed. Cl. Spec. Mstr. Apr. 12, 2016), addressing the reasonable hourly rates for both attorneys and students at the GW Vaccine Injury Clinic. The undersigned concluded that Mr. Shoemaker was entitled to a rate of $415.00 per hour and that Ms. Gentry was entitled to a rate of $400.00 per hour for work performed in 2015. Id. at 9-10. Professor Meyers was awarded a rate of $400.00 per hour for work performed in 2014. Id. The undersigned also concluded that law student work should be compensated at a rate of $145.00 per hour in 2015. Id. The undersigned thus awards petitioners' attorneys' fees in accordance with these rates.[3]

### b. Reduction of Billable Hours

While petitioners are entitled to an award of attorneys' fees and costs, the undersigned finds that a reduction in the number of hours billed by petitioners' counsel is appropriate for four reasons. First, petitioners' counsel requests compensation for administrative work, including filing documents on CM/ECF, updating calendar deadlines, sending faxes, scheduling appointments, and emailing support staff. Second, petitioners request compensation at an attorney's hourly rate for paralegal work. Third, many of counsel's time sheets are vague, the amount of time spent on certain tasks was excessive, and some of the work performed by law students constitutes block billing. Finally, counsel's billing records contain numerous entries which are duplicative, as work was performed by four attorneys, of whom three are senior law firm partners, as well as nine law students. Because multiple attorneys and students worked on the case simultaneously, many of the billing entries are excessive and duplicative.

For these reasons, and after carefully reviewing petitioners' application, the undersigned reduces petitioners' attorneys' fees award. In making reductions, a line-by-line evaluation of the fee application is not required. Wasson v. Sec'y of Health & Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Id. Just as "[t]rial courts routinely use their prior

---

[2] The undersigned does not include time spent preparing the motion to dismiss or the motion for attorneys' fees and costs in her consideration of the reduction.

[3] Petitioners' attorneys billed in accordance with the hourly rates established in Miller, thus the undersigned awards them the hourly rates they requested.

experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).

### i. Administrative Time

It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (denying an award of fees for time billed by a secretary and finding that "[these] services … should be considered as normal overhead office costs included within the attorneys' fees rates"); Mostovoy v. Sec'y of Health & Human Servs., 02-10V, 2016 WL 720969, *5 (Fed. Cl. Spec.Mstr. Feb. 4, 2016).

Petitioners' counsel's time sheets contain numerous entries that are best characterized as administrative time. For example, Mr. Shoemaker billed time for reviewing the case file for the purpose of calendaring deadlines, sending faxes, setting up meetings, and emailing staff about filing records.[4] Similarly, the law clerks billed time for filing documents, printing copies of the petition, uploading documents into the VMWare program, and drafting exit memos.[5] One of the students even billed one hour of time to file a notice of appearance at the Court of Federal Claims. Pet'rs' App., Ex. 1, at 21.[6] At least eight hours of petitioners' billable time is best characterized as administrative work.[7] These types of entries do not constitute billable time,[8] and the undersigned thus reduces petitioners' fee award for them.

### ii. Paralegal Time

It is well established that attorneys who bill for performing non-attorney-level work must appropriately reduce their hourly rate to reflect that of a legal secretary or paralegal. Mostovoy, 2016 WL 720969 at *5. After carefully reviewing petitioners' application for fees and costs, the undersigned finds that several of the hours billed by attorneys at their regular hourly rate are more appropriately classified as paralegal time. For example, Mr. Shoemaker billed time to assist his paralegal with organizing medical records, reviewing the file, and reviewing the provider list to ensure that medical records were complete.[9] Ms. Gentry and Ms. Knickelbein

---

[4] See Pet'rs' App., Ex. 1 at 3-4, 6.

[5] See Pet'rs' App., Ex. 1 at 16-18, 20.

[6] Another student billed half an hour for "fil[ing] petition in-person at COFC." Pet'rs' App., Ex. 1 at 20.

[7] Pet'rs' App, Ex. 1 at 15-18, 20-21.

[8] The entries listed above do not constitute an exhaustive list of administrative entries in petitioners' attorneys' billing records but rather are intended to serve as an example of those types of entries.

[9] See Pet'rs' App., Ex. 1 at 3-4. These entries reflect that Mr. Shoemaker spent 2.5 hours on these tasks.

also billed multiple hours to review and organize medical records and prepare them for filing.[10]

The law students' billing records also contained several entries for work that is paralegal in nature, including preparing filing notices and motions for enlargement of time.[11] In total, the attorneys and law students billed nearly nine hours of what is most appropriately classified as paralegal time. The undersigned thus reduces petitioners' fee award for this incorrectly billed paralegal time.

### iii. Vague Entries

The undersigned has previously found it reasonable to decrease an award of attorneys' fees for vagueness. Mostovoy, 2016 WL 720969; Barry v. Sec'y of Health and Human Servs., 12-39V, 2016 WL 6835542 ( Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reducing a fee award by ten percent due to vague billing entries). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Human Servs., 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mast. June 27, 2009). Petitioners bear the burden of documenting the fees and costs claimed. Id. at *8.

The undersigned finds the number of vague billing entries in this case particularly troubling. Mr. Shoemaker billed almost two hours over 19 separate billing entries to "review [a] pleading." See Pet'rs' App., Ex. 1 at 3-6. Without additional information about what Mr. Shoemaker was reviewing or why, these hours are not compensable.[12] Moreover, the law students' time records also show a number of vague entries, including over two hours for "file review" and "document review." Id. at 15-18. Time records should be sufficiently detailed so that the undersigned may understand the amount of time being spent and the work being performed. At least seven and a half hours were billed for entries that did not include sufficient detail about what tasks were being performed and/or why. The undersigned thus reduces petitioners' fee award for vague entries.

---

[10] See Pet'rs' App., Ex. 1 at 7-9. The billing records show that Ms. Gentry and Ms. Kickelbein collectively billed at least 3.0 hours for organizing the file and preparing exhibits, motions to substitute counsel, and drafting tables of contents. These entries do not reflect attorney work and are thus not compensable at an attorneys' hourly rate.

[11] See Pet'rs' App., Ex. 1 at 15-16.

[12] Assuming, *arguendo*, that Professor Shoemaker was reviewing pleadings that were relevant to the case and that this time was otherwise billable, the undersigned notes that this time would likely not be billable in this case, as the majority of Ms. Knickelbein's billable time was spent reviewing the filings in this case, suggesting that this work is duplicative. See Pet'rs' App., Ex. 1 at 9.

### iv. Block Billing

Block billing, or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored. Broekelschen v. Sec'y of Health & Human Servs., 07-137V, 2008 WL 5456319 (Fed. Cl. Spec. Mstr. Dec. 17, 2008) at *13-14 (reducing petitioner's attorneys' fees and criticizing her for block billing); see also Jeffries v. Sec'y of Health & Human Servs., 99-670V, 2006 WL 3903710 (Fed Cl. Spec. Mstr. Dec. 15, 2006); Plott v. Sec'y of Health & Human Servs., 92-633V, 1997 WL 842543 (Fed. Cl. Spec. Mstr. April 23, 1997); Mostovoy, 2016 WL 720969. Indeed, the Vaccine Program's Guidelines for Practice state, "Each task should have its own line entry indicating the amount of time spent on that task. Several tasks lumped together with one time entry frustrates the court's ability to assess the reasonableness of the request."[13]

Billing records for the law clerks indicate that some of their time was block billed. For example, one of the clerks billed three hours for "drafting client affidavit," while another billed five hours for "review[ing] medical records." Pet'rs' App., Ex. 1 at 16-17. Additionally, one of the students billed seven hours to "draft excel spreadsheet summary of medical records." Id. at 18. Because it is clear that block billing is not permitted, the undersigned reduces petitioners' fee application for block billing.

### v. Excessive Hours

After a careful review of the billing records in this case, the undersigned also reduces petitioners' fee award for the excessive amount of time spent performing certain tasks. It is well established that "[c]ounsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y or Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cl. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1521.

The law students collectively billed 6.2 hours to draft a two and a half page affidavit from Mr. and Mrs. Davis about genetic testing. Pet'rs' App., Ex. 1 at 16; see Affidavit dated November 18, 2015 (ECF No. 34). They also collectively billed over 19 hours to draft a medical history. Pet'rs' App., Ex. 1 at 18. And over eight hours were collectively billed by Mr. Shoemaker and the law students for completing the motion for attorneys' fees and costs. Id. at 6, 18-19. Further, one of the law students billed a total of 3.1 hours to draft a subpoena to send to one of R.D.'s medical providers, while another billed an hour to write an email. Id. at 16; 17. In the undersigned's experience reviewing the billing records of the Shoemaker firm, as well as those of the GW Vaccine Clinic, she finds these and other such billing entries excessive and thus reduces petitioners' fee award.

---

[13] Office of Special Masters, Guidelines for Practice Under the National Vaccine Injury Compensation Program (Rev. Ed. 2004) § XIV.A.3.

### vi. Unnecessary and Duplicative Time Billed by Multiple Attorneys

Other special masters as well as the undersigned have previously found it reasonable to reduce attorneys' fees awards due to duplicative billing. See Lord v. Sec'y of Health & Human Servs., 12-255V, 2016 WL 3960445 (Fed. Cl. Spec. Mstr. June 30, 2016); Ericzon v. Sec'y of Health & Human Servs., 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016); Sexton v. Sec'y of Health & Human Servs., 99-453V, 2015 WL 7717209 (Fed. Cl. Spec. Mstr. Nov. 9, 2015); Mostovoy, 2016 WL 720969; Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 214-15 (2009) (affirming the special master's reduction of fees for overstaffing where three attorneys from two different firms worked on a case together). The undersigned and other special masters have previously noted the inefficiency that results when multiple attorneys work on one case.

The undersigned finds some of petitioners' requested fees unreasonable, unnecessary, and duplicative. At least four attorneys worked on petitioners' case, including Professor Meyer, Mr. Shoemaker, Ms. Gentry, and Ms. Knickelbein, as well as nine law students. Pet'rs' App., Ex. 1, at 3-9; 14-21. Petitioners have not provided a sufficient explanation as to why the involvement of this many attorneys and law students in a single case is necessary.

The undersigned has previously found that reviewing of documents by multiple attorneys leads to excessive billing. See Lord, 2016 WL 3960445, at *7; Cozart v. Sec'y of Health & Human Servs., 00-590V, 2016 WL 5766359 (Fed. Cl. Spec. Mstr. Sept. 7, 2016). Similar to the law firm's practices in Lord and Cozart, the attorneys in this case billed excessive hours to review court orders and filing notifications.[14] Petitioners' fee application also contains entries in which attorneys explicitly billed time for performing the same tasks.[15] In petitioners' fee application, there are at least 32 entries, totaling 3.2 hours, in which attorneys billed time to review orders and notifications in this case.[16] Undoubtedly, multiple attorneys reviewed the same orders and notifications and all billed time for doing so.[17] Billing records further show that Mr. Shoemaker spent at least three hours reviewing medical records and that Ms. Gentry spent at least two hours reviewing medical records, while the law students spent at least six hours reviewing medical records.[18] Such review is unnecessary and excessive.

---

[14] See Pet'rs' App., Ex 1 at 3-9. See also supra note 10.

[15] See Pet'rs' App., Ex 1 at 4, 7 (comparing the time Professors Shoemaker and Gentry both billed for assisting their paralegal with organizing medical records). See also infra note 9.

[16] See Pet'rs' App., Ex. 1 at 3-9. The undersigned notes that several additional duplicative hours were likely spent reviewing the same pleadings, because many of petitioners' billing entries contain time spent reviewing records along with time spent performing other tasks.

[17] For example, all of Ms. Knickelbein's billable time was spend reviewing Court orders and other filings in the case. Because these pleadings were also reviewed by the other two partners and the student attorneys, this time is duplicative and thus not compensable. Pet'rs' App., Ex. 1 at 9.

[18] See Pet'rs' App., Ex. 1 at 3-8, 15-19.

Petitioners' counsel also billed excessive time for intra-office communications, including emails, intra-office discussions, and numerous meetings with law students. For example, Professor Meyers, Mr. Shoemaker, Ms. Gentry, Ms. Knickelbein, and all nine law students each have multiple entries on their time sheets for attending case meetings, engaging in case discussions, and reviewing internal emails.[19] They all billed time for the same meetings with each other.[20]

The undersigned finds the number of hours billed by the attorneys and students for "team meetings" to be particularly disturbing and notes this as the primary reason for the overall reduction in attorneys' fees and costs. Each page of petitioners' billing record is riddled with duplicative entries detailing emails and case meetings between multiple attorneys and students. Mr. Shoemaker billed a total of 6.4 hours for team meetings and intraoffice emails. Pet'rs' App., Ex. at 3-6. Ms. Gentry billed over 6.0 hours for the same. Id. at 6-9. Professor Meyer also billed a total of 3.1 hours for meetings and other communications with students. Id. at 14. The students also billed a total of 18.6 hours for intraoffice meetings and emails. Id. at 15-21. Thus, petitioners request attorneys' fees for over 33 hours of work, all of which constitute only intraoffice discussion about the case.

Other special masters as well as the undersigned have reduced fee awards for excessive and duplicative intraoffice communication. See Lord, 2016 WL 3960445, at *7; Ericzon, 2016 WL 447770, at *4; Austin v. Sec'y of Health & Human Servs., No. 10-362V, 2013 WL 659574, at *14 (Fed. Cl. Spec. Mstr. Jan. 31, 2013) (Special Master Vowell deducted fees for excessive intra-office communication in a case where seven attorneys at CHCC billed for attending conferences and drafting memoranda about the case); Soto v. Sec'y of Health & Human Servs., No. 09-897V, 2011 WL 2269423, at *6-8 (Fed. Cl. Spec. Mstr. June 7, 2011) (Special Master Millman reduced CHCC's fees for intra-office communications and meetings); Carcamo v. Sec'y of Health & Human Servs., No. 97-483V, 2011 WL 2413345, at *7 (Fed. Cl. Spec. Mstr. May 20, 2011) (Special Master Millman reduced fees when two attorneys at the Law Offices of Dale K. Galipo billed for the same meetings with a client). The amount of intraoffice communication occurring in this case is particularly egregious, and such billing practices will not be tolerated in the Program.

---

[19] See Pet'rs' App., Ex. 1 at 4-6, 8-9, 14, 15-21.

[20] See, e.g., petitioners' billing records for the following dates: September 30, 2015, October 7, 2015, October 28, 2015, November 4, 2015, November 9, 2015, November 18, 2015, March 7, 2016, March 14, 2016, March 21, 2016, and March 26, 2016. The undersigned notes that for several of these entries, more than two people billed for the same meetings. For example, on September 30, 2015, three different law students met with Ms. Gentry to discuss the case, and all four people billed time for the meeting. The undersigned further notes that the dates of the duplicative entries listed above were taken only from a *single page* of petitioners' billing and do not constitute an exhaustive list of all of the duplicative billing entries.

There are also numerous entries where attorneys billed time for reviewing the work of law students.  For example, on April 29, 2015, Ms. Gentry billed .2 hours for "review[ing] [an] email from student to client re updates."  Pet'rs' App., Ex. 1 at 6.  On April 30, 2015, she billed .25 hours for reviewing a "DRAFT," and on September 22, 2015, she billed .2 hours to review another draft of an email that the law students wrote to the client.  Id. at 8.  Ms. Gentry billed a total of .55 hours on October 7-8, 2015, for reviewing drafts of letters to be sent to medical providers.  Id.  On March 11, 2016, she spent .7 hours revising the client affidavit written by the students.  Id.  While instructing law students and reviewing their work is an admirable task, this time should not be billed to Program and does not represent compensable time.

For all of these reasons, the undersigned finds the billing in this case so excessive and duplicative as to warrant a reduction of the attorneys' fees by 20 percent and the law students' fees by 20 percent.

### c. Costs

Petitioners request a total of $606.55 in out-of-pocket costs and $12.30 in costs incurred by their counsel.  Pet'rs' App. at 1.  These costs include the filing fee, medical record production, postage, and photocopies.  The undersigned finds these costs reasonable and will reimburse them in full.

### III. Conclusion

Based on all of the above, the undersigned finds that petitioners are entitled to a reimbursement of attorneys' fees and costs as follows: petitioners' counsel shall receive a total of $25,889.20 in attorneys' fees and $12.30 in costs, for a total award of **$25,901.50**.  Petitioners are also entitled to reimbursement of their personal costs in the amount of **$606.55**.

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $606.55, representing reimbursement for petitioners' costs, in the form of a check payable to petitioners, Mr. Chad Davis and Mrs. Hailey Davis; and**

**A lump sum in the amount of $25,901.50, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioners, Mr. Chad Davis and Mrs. Hailey Davis, and their counsel, the Vaccine Injury Clinic of the George Washington University Law School.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[21]

**IT IS SO ORDERED.**

---

[21] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice not to seek review.

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master